UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALAN TIKAL** | : | **DOCKET NO. 2:21-cv-0023** |
| REG. # 69252-097 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an original and amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [docs. 1, 5] by pro se petitioner Alan Tikal. Tikal is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

The record provided by Tikal shows that there was a disciplinary conviction that arose from an incident report filed on February 25, 2020, related to events that occurred that day at FCIO. Doc. 1, att. 3, p. 9. Incident Report No. 3370438 was completed by W. Dawson-Ekberg and stated that, after conducting a search of Tikal's secured locker, Ekberg discovered photocopied pages of pornographic pictures and 26 zip ties, all of which are both prohibited items. *Id*.

The matter was referred to the Disciplinary Hearing Officer ("DHO") for a hearing on charges of Possession of a Locking Device/Possession of Anything not Authorized. which hearing took place on March 13, 2020. *Id.* at p. 3. Tikal received the incident report at least 24 hours prior to the DHO hearing, as is required under Program Statement 5270.09. *Id.* at p. 9.

According to the DHO hearing report, Tikal waived his right to staff representation. *Id.* at p. 2. Petitioner's statement was summarized as follows:

> Long story short, I did it, I own it, it was stupid. I am a packrat, I learned my lesson. It was in my property. I understand I can't have pornography.

*Id.* The DHO found that petitioner committed the prohibited acts after considering the Incident Report, supporting documentation, and petitioner's own admission. *Id*.

Tikal contends that he exhausted his administrative remedies. He now brings the instant petition for writ of habeas corpus, seeking expungement of the incident report.

## II.
### LAW & ANALYSIS

**A. 28 U.S.C. § 2241**

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson,* 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g., Wilson,* 112 S.Ct. at 1353–54. A district court may review a challenge to the BOP's refusal to grant

credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce,* 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in Jones prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); accord *Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

### B. Application

Petitioner does not challenge the constitutionality of the disciplinary proceedings; rather, he alleges that his constitutional rights were violated as a result of prison officials failing to provide him with a copy of the DHO report in a timely manner.

First, the record establishes that petitioner did not properly exhaust his remedies insofar, as he did not comply with all administrative procedures. On April 11, 2020, petitioner filed his first Regional Administrative Remedy Appeal. Doc. 1, att. 4, p. 6. The appeal was rejected on April 24, 2020, because petitioner did not include the DHO Report with his filing. *Id*. at p. 5. He was given ten days from the date of the rejection notice to resubmit his appeal in proper form. On May 11, 2020, petitioner filed a second Administrative Appeal [doc. 1, att. 3, p. 6], which was received by the Regional Director's Office on May 14, 2020. The appeal reflects that, while the DHO Hearing took place on March 13, 2020, petitioner had not yet received a copy of the DHO report as of the date of the May 11, 2020 filing. *Id*. That appeal was denied on May 15, 2020, as, once again, petitioner failed to provide a copy of the DHO Report. *Id*. at p. 7. He was given ten days from the date of the rejection notice to resubmit his appeal in proper form. *Id*.

On June 1, 2020, petitioner filed an appeal with the Central Office [*id*. at p. 8], which was rejected on July 1, 2020 on procedural grounds. *Id*. at p. 5. Specifically, the Central Office stated that his appeal was submitted at the wrong level, that he did not provide a copy of his the appeal filed in the Regional Office or a copy of the response from the Regional Director, and concurred with the rationale of the Regional Office for rejection. *Id*. Petitioner was instructed to exhaust his appeal at the regional level first by following the instructions from the lower level. *Id*.

It is clear from the foregoing that petitioner has failed to properly exhaust his administrative remedies regarding the DHO rehearing, as his complaints relating to these issues have all been

rejected because of filing defects. Thus, as petitioner has failed to exhaust administrative remedies on the claims raised in the instant Petition, and has he has failed to establish that any exceptions apply that would excuse his failure to exhaust, his petition is subject to dismissal without prejudice for failure to exhaust administrative remedies. Although petitioner contends he was unable to comply with the procedural requirements because he was never provided a DHO report, petitioner could have filed a grievance complaining that he never received the DHO report and provided the particulars he had about the disciplinary grievance and conviction.

Moreover, the petition should be denied as petitioner has failed to show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). According to the original petition, Tikal alleges that he suffers ongoing prejudice due to higher custody scores and a punitive disciplinary transfer. Doc. 1, p. 1. Prisoners have neither a protectable property nor liberty interest in their custodial classification. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). In fact, a prisoner has no inherent constitutional right to any particular classification or custody level. *Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992). Accordingly, Tikal would be unable to demonstrate violation of a protected liberty interest and, as such, his petition fails on the merits.

### III.
#### CONCLUSION

For the reasons stated above, Tikal's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 28th day of April, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE